# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TITUS DIXON,**

                      **Plaintiff,**

**v.**                                                            **Case No:   6:18-cv-1376-Orl-31DCI**

**RUSS GIBSON as Sheriff of Osceola
County,**

                      **Defendant.**

_____

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 21) filed by the Defendant, Russ Gibson (henceforth, the "Sheriff"), who has been sued in his official capacity as Sheriff of Osceola County, and the response in opposition (Doc. 26) filed by the Plaintiff, Titus Dixon ("Dixon").

### I.      Background

According to the allegations of the Amended Complaint, which are accepted in pertinent part as true for purposes of resolving the instant motion, Dixon was a Deputy Sheriff with the Osceola County Sheriff's Department for approximately nine years.   (Doc. 16 at 2).   He was fired on September 19, 2014 after a departmental investigation and an IRS investigation that resulted in criminal charges.   (Doc. 16 at 3-4).   In December of 2015, Dixon went to trial on those charges and was found not guilty.   (Doc. 16 at 4).

On August 20, 2018, Dixon filed this suit, asserting two claims under 42 U.S.C. §1983 based on his termination.   (Doc. 1).   In Count I, Dixon, who is African-American, asserts a racial discrimination claim; in Count II, he asserts a claim for an alleged violation of his Fourteenth

Amendment right to due process.   By way of the instant motion, the Sheriff seeks dismissal of both claims.

**II.     Analysis**

    A.     Racial Discrimination Claim (Count I)

Only government officers or groups who have final policymaking authority may subject a government entity to liability on a Section 1983 claim.   *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1312 (11th Cir. 2006).   "Final policymaking authority over a particular subject area does not vest in an official whose decisions in the area are subject to meaningful administrative review."   *Scala v. City of Winter Park*, 116 F.3d 1396, 1401 (11th Cir. 1997).

The Sheriff argues that Count I must be dismissed because he was not a final policymaker for purposes of Section 1983.   He asserts that his office's decision to terminate Dixon was subject to review by a career service appeals board ("CSAB"), which had the authority to overrule or modify the decision.   (Doc. 21 at 2-3.)   However, in his Amended Complaint, Dixon has alleged that the board's review is not meaningful because it merely rubberstamps the decisions of the Sheriff.   (Doc. 16 at 4.)   If the Plaintiff can demonstrate that this allegation is true, the Sheriff would be considered a final policymaker.   *See, e.g.*, *Maschmeier v. Scott*, 269 Fed. Appx. 941, 944 (11th Cir. 2008).   Accordingly, the motion will be denied as to Count I.

    B.     Due Process Claim (Count II)

A procedural due process claim is not complete unless the State fails to provide a remedy for any underlying deprivation.   *See, e.g.*, *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (holding that procedural due process violation is not complete "unless and until the State fails to provide due process.")   Here, the Sheriff argues that the State provided two such remedies: first, the Osceola County Sheriff's Office Civil Service Act gave Dixon the right to "a hearing

comporting with all required due process standards" (*i.e.*, a hearing before the CSAB), and second, Dixon had the option to petition for certiorari review in circuit court.   (Doc. 21 at 4).

Dixon responds that the CSAB process did not provide him with a possible remedy, and therefore should not be considered in his case, for two reasons:   First, because of his allegation, discussed above, that the board merely rubberstamps the Sheriff's decisions, and second, because of his allegation (Doc. 16 at 4) that the Sheriff's Office never provided him with notice of his ability to appeal his termination to the CSAB.   (Doc. 26 at 7).   Again, at least as to his first point, if Dixon is able to demonstrate that his allegation is true, the CSAB process would not be considered an adequate, State-provided remedy for the alleged deprivation.

As for certiorari review, Dixon argues that it was not applicable here because the lack of notice deprived him of the opportunity to obtain a review by the CSAB, and certiorari review is only available to review a panel's decision.   (Doc. 26 at 9).   Although the Sheriff appears to argue that Dixon could have sought certiorari review by a circuit court immediately after his termination,[1] the certiorari cases cited by the Sheriff involve circuit court review of decisions of civil service boards rather than direct review of the original termination.   *See City of Deerfield Beach v. Vaillant*, 419 So. 2d 624 (Fla. 1982) and *McDougall v. Van House*, 801 So. 2d 118 (Fla. 2d DCA 2001).   As the Sheriff has not established that certiorari review was available as to the original decision to fire Dixon, a lack of notice of the opportunity to obtain review by the CSAB would also prevent him from obtaining certiorari review of that board's decision, meaning both of the asserted remedies were illusory, at least as applied to Dixon.   Accordingly, the motion will also be denied as to Count II.

---

[1]  In the motion, the Sheriff asserts that Dixon's Section 1983 claims fail because "state remedies were available to Plaintiff at all times".   (Doc. 21 at 4).

## III. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 21) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 27, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE